UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO.        (DFM) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE TIRADO | | |
| a.k.a "Chucho" | : | FEBRUARY 11, 2005 |

<u>GOVERNMENT'S MOTION FOR PRETRIAL DETENTION</u>

Pursuant to Title 18, United States Code, Sections 3142(e) and (f), the Government hereby requests that the defendant be ordered detained prior to trial.

I.   <u>Eligibility of Case</u>

This case is eligible for pretrial detention because it involves:

　　___　a crime of violence as defined in Title 18, United States Code, Section 3156;

　　____　an offense for which the maximum sentence is life imprisonment or death;

　　_X__　an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. §955a);

　　_____　　any felony committed after the defendant has been

      convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

\_\_\_\_\_ a serious risk that the defendant will flee; and/or

\_\_\_\_\_ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

II. <u>Reason for Detention</u>

The court should detain defendant because there are no conditions of release which will reasonably assure:

\_x\_\_ the defendant's appearance as required; and/or

\_\_\_\_ the safety of any other person and the community.

III. <u>Rebuttable Presumption</u>

The Government will invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e). The presumption applies because:

\_\_\_\_\_ the defendant has been convicted of a Federal offense described in Title 18, United States Code, Section 3142(f)(1) or of a State or local offense that would have been an offense described in Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

\_\_\_\_\_     an offense described in Title 18, United States Code, Section 3142(e)(1) was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

\_\_\_\_\_     a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for an offense described in Title 18, United States Code, Section 3142(e)(1), whichever is later; or

\_\_X\_\_     there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

IV. <u>Time for Detention Hearing</u>

The Government requests that the court conduct the detention hearing:

| | |
|---|---|
| \_\_\_\_\_ | at the defendant's first appearance; |
| \_\_X\_\_\_ | after a continuance of three days. |

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


S. DAVE VATTI
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT11957
450 Main Street
Hartford, CT 06103
(860) 947-1101

**CERTIFICATION OF SERVICE**

This is to certify that the within and foregoing has been hand delivered this 11th day of February, 2005 to:

Counsel of Record

_____
S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY