**U.S. Department of Justice**

United States Attorney
District of Connecticut

| | |
|---|---|
| Connecticut Financial Center | (203)821-3700 |
| 157 Church Street | |
| P.O. Box 1824 | |
| New Haven, Connecticut 06510 | Fax (203) 773-5376 |

August 3, 2005

Bethany Phillips, Esq.
Advocates Law Firm, LLC
11 Franklin Square
New Britain, CT 06051

　　　Re:　　**United States v. Jose Tirado**
　　　　　　**Case No. 3:02cr4 (AWT)**

Dear Attorney Phillips:

　　　This letter confirms the plea agreement entered into between your client, Jose Tirado (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

　　　Defendant Jose Tirado agrees to waive indictment and plead guilty to Count One of a Substitute Information that charges him with the use of a communications facility to facilitate the possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 843(b). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

| | | |
|---|---|---|
| First: | | That on or about December 16, 2001, the defendant used a communications facility, namely a telephone; |
| Second: | | That the defendant used this communications facility to facilitate the possession of cocaine with the intent to distribute; and |
| Third: | | That the defendant did so knowingly and intentionally. |

1

## THE PENALTIES

The offense charged in Count One of the Substitute Information carries a maximum penalty of four years imprisonment. Moreover, any sentence of incarceration under this provision may also include a term of supervised release of up to one year. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to one year with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250, 000; or (4) the amount specified in the section defining the offense. Under the circumstances of this offense, the maximum fine to which the defendant is exposed under this provision is $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court prior to the day he is sentenced.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

i.      Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. __ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than as he anticipated.

ii      Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines,

2

based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### iii.    Guideline Stipulation

Pursuant to Section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the following stipulation that is made a part of this plea agreement: that the Guidelines equivalent of at least 100 grams but less than 200 grams of cocaine was involved in the telephone use which is the subject of Count One of the Substitute Information and is the quantity commensurate with his criminal activity which forms the basis of the violation charged in the information and the relevant conduct of the defendant. U.S.S.G. §1B1.3, app. note 1. Accordingly, the defendant's base offense level is 18. U.S.S.G. §§2D1.1 and 2D1.6. Subtracting three levels for the defendant's acceptance of responsibility as set forth above, the defendant's adjusted offense level is 15. Based on a criminal history category of III, which the parties believe the defendant to be, the defendant's sentencing guidelines imprisonment range is 24-30 months and his fine guidelines range is $4000 to $40,000. U.S.S.G. § 5E1.2(c)(3). Neither the defendant nor the Government will seek any further adjustments or departures to the guideline range set forth in this stipulation.

The defendant acknowledges that this guideline stipulation is only between the parties to this agreement and, as such, does not bind the Probation Department or the Court. He also understands that the parties' calculations regarding his criminal history category are subject to final determination by the Court. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court reaches a criminal history calculation

different than that contemplated by the defendant and/or the parties and imposes a sentence outside the Guideline range or fine range set forth in this agreement. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

iv.     Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offenses set forth in the information before an indictment could be returned. The defendant expressly acknowledges that he is waiving his right to be indicted knowingly and intelligently.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about

each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence.  18 U.S.C. § 3742.  It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 48 months, the statutory maximum sentence permitted for the offense of conviction, irrespective of how the Court might reach such a sentence.  The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing.  The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence.  The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case.  Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of  certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut for the charge contained in the Substitute Information and with respect to the pending Indictment in which he is named as a defendant. After sentencing, the Government will move to dismiss the pending Superseding Indictment as it pertains to this defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement and and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY

7

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_____
JOSE TIRADO
The Defendant

_8/3/05_
Date

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____
BETHANY PHILLIPS, Esq.
Attorney for the Defendant

_8/3/05_
Date