UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

NO. 3 : 02 CR 4 (AWT)

v.

FEBRUARY 28, 2006

JOSE TIRADO

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

**Introduction**

The defendant, Jose Tirado, by and through the undersigned counsel, hereby submits the following supplement to the defendant's sentencing memorandum, in connection with the court's Amended Notice to Parties dated February 8, 2006.

**Facts**

Mr. Tirado's sentencing was continued by the Court on February 9, 2006 to a date uncertain. The reason for the continuance was to allow the parties to respond to an Amended Notice to the Parties, as referenced above.

**Issue**

Should the court award Mr. Tirado a downward departure pursuant to his extraordinary pre-arrest and post-arrest efforts at rehabilitation and / or under the lexicon of U.S.S.G. § 4 A1.3.?

Answer: Yes, for the reasons set forth below.

A. **Pre-arrest and Post-Arrest efforts at Rehabilitation.**

    1. Pre-arrest rehabilitation.

Mr. Tirado's criminal history started to build when he was only 19. On September 14, 1988, Mr. Tirado was arrested for Possession of Narcotics. He remained in state custody until November 29, 1988, when his case was disposed in state court and he was sentenced to five years in jail / time served, and placed on three years of probation.

Recognizing that he had a severe substance abuse problem, Mr. Tirado sought help on his own. On July 14, 1989, he went to the Dutcher Treatment Center at Connecticut Valley Hospital as a self-referral. **(See Exhibit A).**

After spending only seven days in treatment, Mr. Tirado left to "go home to New Britain." Unfortunately, these seven days of treatment were far from the amount of time Mr. Tirado needed to spend in counseling and treatment to manage his addiction. Thereafter, he returned to his cocaine use, and his life began to spiral downward, as did his criminal history. However, as noted previously, all of his criminal offenses, save a conviction for Breach of Peace in 1997, and the instant offense, were committed within the very short time span of three years.

After committing present offense in 2001, Mr. Tirado moved to Florida to eliminate his ability to readily consume cocaine and further hurt himself and his family. While in Florida, Jose was able to find and maintain gainful

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

employment. Although he had no judicial involvement in his life during the time he lived in Florida, Jose's predilection for cocaine did manage to surface its ugly head. It was not until he was arrested for the instant offense, that Mr. Tirado was able to maintain his sobriety for a very extended period of time. That said, this should in no way undermine the efforts that Mr. Tirado sought prior thereto, whether it be the counseling he sought to help himself with his addiction, or his decision to move out of an environment where he could easily feed his habit.

In *United States v. Workman*, 80 F.3d, 688, 701 (2nd Cir. 1996), one defendant, Mr. Jamison, received a downward departure for his rehabilitative efforts that were untaken prior to his arrest.

> Upon finishing service of a 152-day sentence in Michigan for another offense in the fall of 1990, Jamison left the L.A. Boys and joined the U.S. Army. The government does not contest that Jamison rehabilitated himself and completed his military service honorably. This rehabilitation was not undertaken at the spur of impending prosecution for the crimes at issue in the appeal. It was an independent (and quite impressive effort).

2. <u>Post-arrest rehabilitation.</u>

In the case of *United States v. Kane*, 88 F.Supp.2d. 408, 412 (E.D.Pa. 2000), the court addresses the issue of a departure relative to a defendant's efforts at post arrest rehabilitation. Like the case at hand, Mr. Kane was also determined to be a career offender. Mr. Kane was ultimately granted a downward departure over the government's objection. During his pretrial release, Mr. Kane failed to comply with some of the conditions of his release

- 3 -

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

and missed various appointments with pretrial services. Despite this, Judge Katz granted Mr. Kane a downward departure, concluding that,

> These lapses, while significant, must be viewed in the context of Mr. Kane's former behavior. The bulk of the testimony as well as Dr. Grishkat's written report from this month state that Mr. Kane has made significant process; most notable is Mr. Kane's success in remaining drug-free for almost a year after more than twenty years of addiction. Drug treatment is an extremely difficult process, and it is note likely that anyone who has abused drugs for as many years as Mr. Kane would be able immediately to abandon all aspects of his former life, regardless of his good intentions. As another opinion stated in addressing the situation of a long-time addict: "Fourteen years of heroin addiction cannot be cured overnight. The process is gradual and trying, requiring both mental and physical support." *United States v. Maier*, 777 F.Supp. 293, 294 (S.D.N.Y. 1991). It is for this reason that the courts finds the cases cited by the government to be distinguishable: either they do not address a situation in which an individual actually stopped using drugs, or they simply do not govern the court's decision in this case. While the court fully acknowledges the seriousness of Mr. Kane's errors, it concludes that they do not preclude a departure, although they are such that the court would not departure below the 120-month sentence issued from the bench in any event.

Unlike Mr. Kane, Mr. Tirado has not tested positive for any illegal substance during his involvement with pretrial services. Unlike Mr. Kane, Mr. Tirado has been fully compliant with his conditions of pretrial release.

Like Mr. Kane, Mr. Tirado has been able to cope with his addiction to illegal substances and have receive a positive recommendation from his treatment counselors due to his continued effort to maintain his sobriety.

Similarly, in the case of *United States v. Maier*, 975 F.2d. 944 (2nd Cir. 1992), the Court of Appeals affirmed a decision by the District Court to award a defendant a downward departure for her extraordinary post-arrest

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

rehabilitation. The opinion in this case analyzes the discrepancies between the circuits concerning the courts' views on post-arrest rehabilitation and its relationship to downward departure by the courts. In a well-reasoned decision, the Court upheld the departure in *Maier*.

> In approving drug rehabilitation as a permissible ground for a departure, we recognize that in this, as in all Guidelines cases, there is a line to be observed between a faithful endeavor to apply the statutory sentencing requirements and a deliberate, though well-intentioned, effort to circumvent them. We are satisfied that in this case, Judge Sweet's sentence is on the valid side of that line. He has not departed simply because the defendant has entered a rehabilitation program. Such programs, easily entered but difficult to sustain, cannot be permitted to become an automatic ground for obtaining a downward departure. Instead, the District Judge has conscientiously examined all of the pertinent circumstances, including the nature of the defendant's addiction, the characteristics of the program she has entered, the progress she is making, the objective indications of her determination to rehabilitate herself, and her therapist's assessment of her progress toward rehabilitation and the hazards of interrupting that progress.

In Mr. Tirado's case, not only can the court look to his post-arrest rehabilitative efforts, but also to his pre-arrest rehabilitative efforts as well. Before Mr. Tirado was arrested for the instant offense, he sought out and received limited help for his addiction without the threat or fear of incarceration hanging over his head. The impetus behind his seeking help, was for his own health, and the health and stability of his family. As the *Maier* Court notes, rehabilitation and counseling programs are "easily entered, but difficult to maintain."

However, even if the Court finds that Mr. Tirado's pre-arrest efforts at rehabilitation were not extraordinary, certainly the Court can look to his post-arrest rehabilitation. Like Ms. Maier, Mr. Tirado has a severe drug addiction. Like Ms. Maier, Mr. Tirado continues his efforts towards maintaining his sobriety. Once his treatment at Wheeler Clinic ended, Mr. Tirado still sought out and attended AA and NA meetings. Also like Ms. Maier, Mr. Tirado received a remarkable report from his counselors at Wheeler Clinic, documenting the tremendous progress he made while at Wheeler Clinic.

B. <u>Overstatement of Criminal History Category.</u>

U.S.S.G. § 4A1.3(b) (2001) allows the court to downward depart from a particular criminal history category.

> There may be cases when the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history category or the likelihood that the defendant will commit further crimes.

Case law has developed which also allows Court to look to the circumstances surrounding the defendant's prior convictions and considering various factors that would warrant a reduction of a defendant's sentence.

The seminal case on this issue is set forth in the case of *See United States v. Mishoe,* 241 F.3d 214, 219 (2nd Cir. 2001). In this case, the district court departed downward *sua sponte*, from Mishoe's contemplated guidelines range. The government appealed this decision. The Court of Appeals

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

concluded that the district court's horizontal departure was erroneous, not prohibited.

> Although the District Court erred in applying a generalized "street-level" drug selling exception to CHC VI designations (whether based on criminal history points or career offender status), we believe that the Court would be entitled on remand to consider whether to make a departure based on an individualized consideration of factors relevant to an assessment of whether CHC VI "significantly over-represents the seriousness of [the] defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. Such factors might include, for example, the amount of drugs involved in Mishoe's prior offenses, his role in those offenses, the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by placement in CHC VI. *Id.* at 219.

The court also examined a similar issue in the case of *United States v. Rivers*, 50 F.3d 1126 (2nd Cir. 1995).

> In this case, Judge Dearie found, after a hearing, that though Rivers's criminal history was serious, his likelihood of recidivism was much lower than that of the typical career offender. Referring to the policy statement in section 4A1.3, the Judge determined that Rivers's criminal history was most similar to other defendants in category IV. He therefore made a horizontal departure to that category, but refused to make a vertical departure. A review of the record strongly suggests that Judge Dearie's refusal to depart vertically may have been due to the erroneous belief that he lacked authority to do so. *Id.* at 1131.

Four of the five convictions on Mr. Tirado's criminal history, were committed when he was between the ages of 19-21. The two crimes, which elevate Mr. Tirado into career offender status, were committed 46 days apart. He was arrested for both of these offenses on the same day. Moreover, both offenses were disposed of on the same day. As such, Mr. Tirado never

-7-

received the deterrent factor of incarceration on one case before he committed the second offense.

Finally, one thing has changed since Jose committed the present offense, and the ones before it. Jose is now sober. He has been sober since the day he was arrested for this offense – February 11, 2005. He has successfully completed several counseling and treatment programs, (one intensive) through the Office of U.S. Probation. He continues to attend various AA and NA meetings to maintain his sobriety.

Although Jose brought on his criminal history himself, through the use of illicit substances, his sobriety and his continuous efforts to maintain it is why Jose is not likely to reoffend again in the future. Consequently, this is why Mr. Tirado submits that he is deserving of a downward departure.

## Conclusion

Jose is asking the Court to depart from his recommended guidelines range and award him a downward departure for his extraordinary pre-arrest and post-arrest efforts at rehabilitation and / or on the basis that his criminal history category overstates the seriousness of his past conduct or the likelihood that he will reoffend in the future.

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

Defense counsel will further address the court at the time of sentencing.

Respectfully submitted,
Defendant, Jose Tirado

By_____
Atty. Bethany L. Phillips
FedBar # ct19802

Advocates Law Firm, LLC • 11 Franklin Square • New Britain, CT 06051 • FAX 860-348-1942 • 860-348-1900 • Juris No. 412771

## CERTIFICATION

I hereby certify that on 2/28/2006, a copy of the attached was served in accordance with the applicable Rules of Practice and/or Procedure on the people and/or entities listed below.

DEFENDANT

By _____
Atty. Bethany L. Phillips

AUSA David Vatti, U.S. ATTORNEY'S OFFICE   (Government)
    450 Main Street, Hartford  CT  06103

Mr. Jose Tirado
    44 Home Terrace, East Hartford  CT  06108

Hon. Alvin Thompson, U.S. DISTRICT COURT
    450 Main Street, Clerk's Office, Hartford  CT  06103

Officer Mark Myers, U.S. PROBATION OFFICE
    157 Church Street, 22nd Floor, New Haven  CT  06511

adm. #1

Name: Tirado, Jose  Case # 002-012  Adm. Date: 7-14-89
DOB: 7-13-69  (M)/F  MS: (S)/M/D/Sep.  Race: Hisp  (1st)/Re Admission

---

1. Reason for Admission (Incl. Chief Complaint in pt. words and BAL if avail.): Self referral for cocaine abuse.

II. History of Present Illness (Incl. onset, pattern and current consequences of substance abuse, concurrent problems - emotional, behavioral, social, recreational, legal, vocational, nutritional, etc.):

20 y.o. single hispanic ♂ unemployed (landscaping) living c̄ mother. Currently using cocaine nasally ~$300/wk × 1½ months p̄ spending 4 months in jail for possession. Marijuana - smoking every day. Alcohol - daily. Last cocaine use was yesterday. Pt very reserved and guarded. Getting information of any kind from him was exceedingly difficult.

Legal - probation × 3 yrs for possession.

III. Past History:
A) Substance Abuse Problems and Treatments:  His social worker states that he requested help on 2 occasions. That he was afraid and worried about his cocaine use.

No

B) Psychiatric Problems and Treatments:
No

C) Medical Problems and Treatments:
No

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes. Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

Exhibit A (six pages)

Admission Note - continued:

IV. Mental Status Examination:
1. Pt. appearance (Incl. posture, reaction to exam):
Casually dressed, very guarded

2. Activity - Speech: Rate - nl    Rhythm - nl    Volume - nl
Motor: Destructive - Y/N   Agitated - Y/N   Normal - **Y**/N
Retarded - Y/N   Stuporous - Y/N   Unsteady - Y/N   Other -

3. THOUGHT PROCESS: Logical, Coherent - **Y**/N   Goal Directed **Y**/N
Loose associations - Y/N   Flight of Ideas - Y/N   Constricted - Y/N
Other:

4. THOUGHT CONTENT - Reaction to Admission:
Very ambivalent, very guarded
Pt. attitude toward substance abuse:

Specific content re: Grandiosity, Suspiciousness, Fears, Anger, Delusions, Depression, Preoccupations, Self-Concept Issues:

5. Perception - Hallucinations (specify):
none

Visual/Hearing Problems:
none

6. Emotions: Affect - Appropriate **Y**/N   Range: **Full**/Constricted
Intensity: **low**/mod/excess (circle appropriate ones)
Mood - Elated Happy Neutral Sad **Depressed** Anxious Angry
Labile Other - VERY GUARDED

7. Suicidal Ideation: No ✓  Yes ___ (detail duration, plan, rationale, and intent):

---

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes. Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

Admission Note - continued.

8. Homicidal Ideation: No ✓ Yes ___ (detail, duration, plan, rationale, intent, and target):

9. Orientation: Person - Ⓨ/N   Place - Ⓨ/N   Time - Ⓨ/N
   If no, elaborate:

10. Memory Intactness: Immediate - Ⓨ/N   Short Term - Ⓨ/N
    Long Term - Ⓨ/N   If not, elaborate:

11. Fund of Knowledge (assess):
    Below average

12. Abstracts (describe):

    Proverbs:                              Similarities:

13. Insight (rate):                        Judgement (rate):
    Poor                                   Poor
                                           Fair

V.  Integration of MSE with specific attn. to indications of substance abuse:

    Integrative Summary of Medical Problems with specific attn. to indications of substance abuse:

    Tardive Dyskinesia:  No ✓ Yes ___ (eval):

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes, Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

Admission Note - continued.

VI. Provisional Diagnosis:

Axis I: Cocaine Dependence 304.20

Axis II: V71.08

Axis III: V70.5

Axis IV:                                Axis V:

VII. Preliminary Treatment Plan (Incl. Program Assignment, Initial Length of Stay):

LOS 7 days for evaluation and recommendation for treatment

VIII. Preliminary Discharge Plan (Incl. Transport., Housing, Job or School, Follow-Up):

IX: Appropriateness of Admission

✓ 18+ years of age, plus

✓ Lack of Community Resources, plus

✓ Drug/Alcohol Intoxication/Withdrawal/Dependency, or

___ Past History of Withdrawal Complications, or

___ Psychopathology Evaluation unclear with acute substance abuse.

Alcohol/Drug Rehabilitation:

___ Patient detoxified, plus

___ Impaired psychosocial functioning, plus

___ Accepts abstinence and program procedures, plus

___ Developmental/Emotional/Mental/Organic Deficits within acceptable limits, plus

___ OPD unsuitable, plus

___ Meets readmission criteria (if applicable).

X. Justification for Admission if not clinically appropriate:

Date:_____ Signature:_____ Date Signed: 7/14/89

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes, Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

# CONNECTICUT VALLEY HOSPITAL
## PROGRESS NOTES

CVH ADM. #

NAME: Tirado, Jose    CASE NO: #002-012

| DISC. | DATE | PROB. NO. | IDENTIFY DISCIPLINE in Col. 1 (i.e. NURS., MED., PSYCHOL., etc.) |
|---|---|---|---|
| Ns | 7/14/89 | | Pt adm @ 10³⁰A for cocaine detox. no w/drawal symptoms at present time. Pt quiet and cooperative to adm proc. no special c/o at present time. — K.Leary tech |
| Ns | 7/14/89 | 10⁴⁰pm | Jose has been sociable c peers though he has been quieter today. He ate well & appears to be in good spirits offering no complaints. — [signature] |
| Ny | 7-15-89 | 11¹⁵pm-7⁴⁵am | Pt in bed @ start of shift, observed during each census check throughout the night, appeared to have slept well — R.Black |
| | 7/15/89 | | Patient is doing fine [signature] |
| NSG | 7/15/89 | 7-3 | Pt up and about ate well pt presents No c/o at this time. — A.Guzman RN |
| NSG | 7/15/89 | 3³⁰p | Pt up socializing with peers ate supper on ward. Pt offers No c/o at this time. — A.Guzman RN |
| Nurs | 7/15/89 | 5³⁰a | [illegible] slept well throughout the night. No distress noted [illegible] during the night. No complaints [illegible]. — [signature] |
| | 7/16/88 | | Patient is doing fine [signature] |
| NSG | 7/16/89 | 6³⁰pm | Pt. went down to D.R. for supper. Appetite good. Pt. spends quite a bit of time in tv area by himself, however he does not seem to have any problem interacting c peers or staff. Took an evening shower. Hygiene good. Offers no complaints this PM. — A.Wyatt RN |

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV related records requires that no information from these medical records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes, Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of medical or other information is NOT sufficient for this purpose.

PROGRESS NOTES

| NAME: Tirado, Jose | | | CASE NO. | ADM # 1 |
|---|---|---|---|---|
| DISC. | DATE | PROB. NO. | IDENTIFY DISCIPLINE in Col. 1 (i.e. NURS., MED., PSYCHOL., etc.) | |

| DISC. | DATE | PROB. NO. | Notes |
|---|---|---|---|
| NSG | 7/17/89 | 5 AM | Pt has been observed to be asleep during all ward rounds & Sta[ff] [illegible] |
| N | 7/17/89 | 10:00 AM | Pt had been watching T.V. & socializing c his peers. There are no visible signs of withdrawal symptoms. — Jill Phillips RN |
| Nsg | 7/17/89 | 6:22 pm | Jose has been very needy this evening though he seems to be in better spirits. He keeps his ADL's up to par though he spends alot of his time in bed resting. — Scott Gary [illegible] |
| MD | 7/18/89 | 2:30 pm | Pt feels well. Minimal problems and wants to leave on Thursday 7/20 to return home & to work. |
| Nsg | 7/18/89 | 7:50 p | Pt up and about, ate well at supper. Socialized with peers. Pt offers no c/o at this time. — S. Augustyn[?] |
| Nurs | 7/19/89 | 2 PM | Pt offers no complaints, showing no signs of withdrawal and intends to leave tomorrow. E. Zanelli LMHC |
| N | 7/19/89 | 7:15 p | PT. ATE WELL. PT. SOCIALIZED WITH PEERS. PT. HAS NO COMPLAINTS. Chris Thomas MHW |
| M.D. | 7/20 | 10:55 | [illegible handwriting] |
| N | 7/20/89 | 8:40/p | PT. APPEARS TO BE DETOXED. VITAL SIGNS ARE STABLE. PT. STATES HE IS GOING HOME TO NEW BRITAIN. Chris Thomas MHW |

NOTE: Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes, Chapters 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making any further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

**PROGRESS NOTES**